IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| DONALD A. PIERCE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO. 6:06-CV-42 (WLS) |
| | * | 42 U.S.C. § 1983 |
| DAVID MILLER, et al., | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court is Defendant, District Attorney David Miller's, Motion to Dismiss. Plaintiff was notified of his right to respond to Defendant's Motion and said response was filed on July 17, 2006.

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*.

Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984) and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957).

## DISCUSSION

In his complaint, Plaintiff alleges that he has been falsely accused of a crime and that he has been held for more than eighteen months at the Thomas County Jail without a trial. (Plaintiff's Complaint, p. 4). He further contends that his rights to counsel, a reading of his rights, his right to a speedy trial and his right to a full investigation of the charges against him have been violated. *Id.*

Section 1983 of Title 42 of the United States Code states, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Defendant, David Miller, urges the court to dismiss the instant action against him because he is protected by absolute prosecutorial immunity. The seminal supreme court case on prosecutorial immunity is *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976). In

*Imbler*, the plaintiff/prisoner alleged that the district attorney had "knowingly used false testimony and suppressed material evidence" at trial. *Imbler*, 424 U.S. at 413, 96 S.Ct. at 987. The Supreme Court held that a state prosecuting attorney acting within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case, is absolutely immune from civil suit for damages for alleged deprivations of the accused's constitutional rights in a §1983 action. This is the rule even though such immunity leaves the genuinely wronged criminal defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. *Id.*, 424 U.S. at 427, 96 S.Ct. at 993.

In the instant action, plaintiff has alleged constitutional violations against Defendant Miller, as well as three Thomas County Detectives, alleging that he was not brought to court for eighteen months on his criminal charges. Plaintiff stated in his complaint that he was indicted in forgery, theft and breaking and entering in July of 2005. On May 7, 2006, Plaintiff was again indicted for the same crimes along with other charges, and bond was set at $100,000. Plaintiff's complaint fails to allege any specific violations against Defendant Miller, specifically none that were outside the scope of his prosecutorial duties. Therefore, due to the presence of absolute prosecutorial immunity, plaintiff has failed to state a claim for which relief may be granted against defendant Miller.

WHEREFORE, the Defendant Miller's Motion To Dismiss should be **GRANTED** where Plaintiff has failed to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a

copy hereof.

    **SO RECOMMENDED** this 31st day of July, 2006.

                                          S/ G. MALLON FAIRCLOTH
                                          UNITED STATES MAGISTRATE JUDGE

sWe