**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | | |
|---|---|---|
| DONALD A. PIERCE, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 6:06-CV-42 (WLS) |
| | * | 42 U.S.C. § 1983 |
| DAVID MILLER, et al., | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court is the Motion for Summary Judgment filed by Defendants Ponder, Knifer, and Langston on October 3, 2006. (R-25). Plaintiff was notified of his right to respond to Defendants' Motion and said response was filed on October 25, 2006. (R-27).

## Legal Standard

Federal Rule of Civil Procedure 56, which deals with motions for summary judgment provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R..Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court

in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the nonmoving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the nonmoving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the non-movant "fails to make a showing sufficient to establish the existence of an element essential

to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991).

**DISCUSSION**

In the instant action, Plaintiff has alleged constitutional violations against Defendants Ponder, Knifer, and Langston (hereinafter "Defendants"), three Thomas County Detectives, alleging that he was not brought to court for eighteen months on his criminal charges, that he has been falsely accused of a crime and that he has been held for more than eighteen months at the Thomas County Jail without a trial. (Plaintiff's Complaint, p. 4). He further contends that his right to counsel, a reading of his rights, his right to a speedy trial and his right to a full investigation of the charges against him have been violated. *Id.* Plaintiff stated in his complaint that he was indicted for forgery, theft and breaking and entering in July of 2005. On May 7, 2006, Plaintiff was again indicted for the same crimes along with other charges, and bond was set at $100,000.

In their Motion for Summary Judgment, Defendants argue that Plaintiff's complaint fails to allege any specific violations against Defendants Ponder, Knifer, and Langston. In the Affidavit of Defendant Ponder, attached to their Motion for Summary Judgment, the Defendants state that they have not had:

> [A]ny responsibility or control over the plaintiff since his incarceration in December 2004. None of us is the responsible custodian of those confined in the Thomas County jail, none of

3

> us is responsible for presentations made to the Thomas County grand jury (although all of us testify as witnesses in cases in which we are involved), none of us is charged with bringing criminal cases to trial, and none of us is charged with setting criminal bonds. None of us has charged the plaintiff with a crime since December 2004.

(R-25-2).

In his Response to Defendants' Motion for Summary Judgment, Plaintiff Pierce stipulates that Defendants Ponder, Knifer and Langston "had no responsibility in the violations of his civil rights that [have] occurred," and therefore, Plaintiff "does not object [to] them being removed from this action." (R-27).

The standard for rebutting a motion for summary judgment, as noted previously, requires a Plaintiff to do more than allege factual wrongdoing by the Defendants. The law requires that he must provide factual evidence which goes beyond mere allegation to prevent summary judgment. Plaintiff Pierce failed to file an affidavit or any supporting evidence and instead, admits that Defendants Ponder, Knifer and Langston did not violate any of his constitutional rights. Thus, Plaintiff has failed to state a claim upon which relief may be granted, and all claims against Defendants Ponder, Knifer and Langston should be dismissed.

## CONCLUSION

To preclude summary judgment once the Defendants have provided evidence failing to show that any issues of fact remain, the Plaintiff must establish by going beyond the pleadings that there are still genuine issues of material fact to be resolved by a fact-finder. *See, Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). As stated above, genuine

issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. Federal Rule of Civil Procedure 56 provides that affidavits, among other discovery evidence, will be used in determining whether any issues of fact remain which should be submitted to the trier of fact for final determination. Having submitted sworn statements, the Defendants, as the moving parties, have met their burden of proof. That is, they have demonstrated to the court the basis for each of their motions which they believe show that there is an absence of any genuine issue of material fact. In response, when the burden of proving that the Defendants were not entitled to a judgment as a matter of law shifted to the Plaintiff, he conceded that Defendants Ponder, Knifer and Langston did not violate his constitutional rights. The evidence was examined by this court in a light more favorable to the Plaintiff, as is required by the holding in *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). It is recommended that Defendants' Motion for Summary Judgment be **GRANTED** as Plaintiff has failed to provide evidence to show that any material fact upon which relief may be granted still exists.

**ACCORDINGLY**, because it appears that Defendants Ponder, Knifer and Langston are entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Defendants' Motions for Summary Judgment filed on their behalf be **GRANTED** as to all Claims.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10)

DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 11th of January, 2007.

                                                S/ G. MALLON FAIRCLOTH
                                                UNITED STATES MAGISTRATE JUDGE

mZc